23-930
*20 Dogwood LLC v. Village of Roslyn Harbor*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-four.

PRESENT:
REENA RAGGI,
BETH ROBINSON,
   *Circuit Judges*,
JED S. RAKOFF,
   *District Judge*.*

_____

20 DOGWOOD LLC, ABOLFAZLE ZADE, NASRIN BESHARATI,

  *Plaintiffs-Appellants*,

   v.         No. 23-930

VILLAGE OF ROSLYN HARBOR, STEVEN R. FELLMAN, INDIVIDUALLY AND AS BUILDING INSPECTOR FOR THE VILLAGE OF ROSLYN HARBOR, MARLA WOLFSON, INDIVIDUALLY AND A VILLAGE CLERK FOR THE VILLAGE OF ROSLYN HARBOR,
  *Defendants-Appellees*.
   _____

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:                                    E. CHRISTOPHER MURRAY (Elizabeth S. Sy, *on the brief*), Rivkin Radler LLP, Uniondale, NY.

FOR APPELLEES:                                   STEVEN C. STERN, Sokoloff Stern LLP, Carle Place, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 13, 2023 is **AFFIRMED.**

Plaintiffs brought this action against the Village of Roslyn Harbor, its Building Inspector, and its Clerk following a series of incidents relating to renovations on their property.  They alleged that Defendants' actions over a two-year period violated various federal and state laws, including their constitutional rights under the Equal Protection Clause and the procedural and substantive components of the Due Process Clause.  The district court granted Defendants' motion to dismiss because it determined that Plaintiffs failed to state a claim under any of these provisions.  On appeal, Plaintiffs challenge only the dismissal of their substantive due process claim.  We assume the parties' familiarity with

2

the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

To state a claim for a violation of substantive due process, a plaintiff must allege (1) a valid liberty or property interest and (2) that defendants infringed on that interest in an arbitrary or irrational manner. *See Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of New York*, 746 F.3d 538, 545 (2d Cir. 2014). To survive a motion to dismiss, a plaintiff "must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). [1]

However, the Supreme Court has "narrowed the scope of substantive Due Process to claims that are not covered by other provisions of the Constitution." *Hu v. City of New York*, 927 F.3d 81, 103 (2d Cir. 2019). Accordingly, we have held that "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." *Velez*, 401 F.3d at 94.

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

Here, Plaintiffs allege that Defendants engaged in "a two year campaign of harassment" against them because of their age and ethnicity and in response to their successful appeal of the denial of tree removal permits. App'x 15, ¶ 24. According to Plaintiffs, Defendants improperly (1) issued a stop work order, (2) prevented Zade from entering the Village Building Department, (3) altered Plaintiffs' building permit, (4) issued a ticket, (5) verbally harassed them and mocked their accents, and (6) lied to a prospective homebuyer to interfere with the sale of the property. Plaintiffs argue that the cumulative effect of these actions amounts to a substantive due process violation because Defendants' conduct shocks the conscience.

The district court dismissed the substantive due process claim because it concluded the claim was subsumed by more particularized allegations of other provisions of the Constitution providing an explicit textual source of protection. We agree. Plaintiffs allege a discriminatory pattern of harassment that may very well shock the conscience. But what would be potentially shocking about Defendants' alleged conduct is their intent to violate Plaintiffs' equal protection rights. This more specific constitutional protection, rather than the more general notion of substantive due process, thus provides the framework for evaluating Plaintiffs' claims. Accordingly, we need not determine whether Plaintiffs

4

adequately alleged the elements of a substantive due process claim—that they were deprived of a cognizable property or liberty interest in an irrational or arbitrary way that shocks the conscience.

Plaintiffs argue that since the district court has dismissed their claims under those more specific constitutional provisions, their substantive due process claim is not subsumed into their other constitutional claims. Rather, their substantive due process claim flows from the cumulative impact of the more specific constitutional violations. But whether a plaintiff may bring a substantive due process claim does not turn on the *success* of a claim alleging a violation of a more specific constitutional provision; it turns on whether another provision of the Constitution "provides an explicit textual source of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiffs' substantive due process claim "rest[s] on the same set of factual allegations," whether viewed as discrete acts or a cumulative whole, as their equal protection claims. *Hu*, 927 F.3d at 104. As a result, the dismissal of those more specific claims does not open the door to a substantive due process claim based on these allegations. *See Collins v. Putt*, 979 F.3d 128, 136 (2d Cir. 2020) (concluding a substantive due process claim was subsumed by a First Amendment claim, even after affirming the dismissal of the First Amendment claim).

5

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude that they are without merit.  Accordingly, the decision of the district court is

**AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court